**LiLaw Inc.**
J. James Li, Ph.D. (SBN 202855)
Email: lij@lilaw.us
1905 Hamilton Avenue, Suite 200
San Jose, California 95125
Telephone: (650) 521-5956
Facsimile: (650) 521-5955

Attorneys for Plaintiff OSD AUDIO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS ELECTRONICS INC., dba OSD AUDIO, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HOMNI ELECTRONICS COMPANY LIMITED, a foreign company, <br><br> Defendants. | **Case No. 8:23-cv-1979** <br><br> **COMPLAINT FOR:** <br><br> **1) EQUITABLE INDEMNITY; AND** <br><br> **2) CONTRIBUTION** <br><br> **DEMAND FOR JURY TRIAL** |



Plaintiff Santos Electronics Inc., dba OSD Audio ("Plaintiff" or "OSD"), by and through the undersigned counsel, hereby files its Complaint against Homni Electronics Company Limited ("Homni") alleging as follows:

## PARTIES AND NATURE OF ACTION

1.      Plaintiff is a California corporation based in Orange County, California.

2.      On information and belief, Homni is a foreign corporation formed and operating under the laws of Taiwan, and with its primary office located at 3F., No. 162, Sec. 2, Zhongshan N. Rd., Zhongshan Dist., Taipei City 104, Taiwan (R.O.C.).

3.      This is a case for equitable indemnity and contribution resulting from the action filed against Plaintiff by Outlaw Audio, LLC ("Outlaw"), Central District of California, Case No. 8:22-cv-827 JVS (KESx) (the "Action"). A true and correct copy of the Action is attached hereto as Exhibit 'A'.

4.      In the Action, Outlaw's Cross-Complaint alleges Plaintiff, among others, willfully infringed Outlaw's copyrighted manuals, falsely advertised and misrepresented the features and nature of OSD's multi-channel amplifier products to consumers, and falsely claimed that OSD created and had license to use Defendant/Counterclaimant Outlaw's copyrighted manuals. Plaintiff disputes these claims.

5.      Specifically, Plaintiff obtained a license from the manufacturer – Homni – who owns the "Carver" brand as well as associated intellectual properties. Plaintiff

1    licensed Carver's multi-channel amplifier products, Carver HTA5A. Along with the

2    license, Plaintiff was provided with Carver's user manual, which Plaintiff modified

3    into the user manual for its multi-channel amplifier products (the "OSD Products").

4    Thus, Plaintiff claims that Homni granted Plaintiff a license for both the allegedly

5    infringing manuals and products.

6

## JURISDICTION AND VENUE

7         6.    This Court has personal jurisdiction over Defendants because they have

8    aimed their intentional misconducts at Plaintiff, a California corporate resident,

9    knowing their conducts will cause damages to Plaintiff.

10        7.    This Court has subject matter jurisdiction over the action pursuant to 28

11   U.S.C. § 1332(a) because there is a complete diversity of citizenship between the

12   parties and the amount in controversy exceeds the jurisdictional minimum.

13        8.    The venue is proper in the Central District of California because, pursuant

14   to 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise to

15   the claim occurred in this judicial district.

16

## GENERAL ALLEGATIONS

17        9.    Plaintiff is in the business of developing and selling audio products.

18        10.   Since at least 2015, Plaintiff was promised, and received, the exclusive

19   distribution rights from Homni to sell and distribute its Carver brand products. As part

20   of this exclusive distribution agreement, Plaintiff also received the right to sell and

21



2

COMPLAINT

distribute a Carver multichannel amplifier from the original equipment manufacturer ("OEM"), Homni. Plaintiff selected a five-channel amplifier which became the OSD5185 amplifier which is at issue in the Action. Homni also provided Plaintiff with the product manual for the OSD5185 amplifier which is also at issue in the Action.

11.    At the time of the exclusive distribution agreement, Homni informed Plaintiff that it was the owner of the Carver products and accompanying product manuals and had not licensed such products or manuals to any third party. This was untrue as Homni did not have any right to publish or distribute the Carver manuals and, in fact, other distributors – including Outlaw – also claimed rights to the Carver products and associated product manuals.

12.    Based on Homni's representations and warranties with respect to its ownership of the Carver products and accompanying product manuals, Plaintiff relied on such and adopted the Carver manual for the OSD5185 amplifier as its own based on the exclusive sales and distribution agreement between Plaintiff and Homni. Further based on Homni's representations, and Plaintiff's reliance thereon, Plaintiff did in fact market, sell, and distribute the OSD5185 amplifier and accompanying Carver manual as its own under the OEM Agreement with Homni.

13.    In 2017, Homni began selling Plaintiff's products under the OEM Agreement and began shipping the products, including the OSD5185 amplifier, and accompanying product manuals. Again, the products and product manuals were based on the OEM Agreement and Homni's representation that it had sole ownership rights



1   as to the Carver products and product manuals and the right to grant Plaintiff the

2   exclusive sales and distribution rights. In other words, the false representations by

3   Homni resulted in the reasonable reliance by Plaintiff that Homni held ownership

4   rights as to the Carver products and product manuals and the right to grant Plaintiff the

5   exclusive sales and distribution rights, and Plaintiff acted on that reasonable belief.

6        14.    On or about March 2, 2022, Outlaw sent Amazon.com a complaint which

7   made the following claims:

8            a.  "OSD Audio has stolen our IP relating to custom created images and

9   written content and placed it in their manual."

10           b.  "Through out [*sic*] this whole process they have stolen and used our

11  content for their manual, and by using a more basic design/layout, they have tried to

12  getting away with stealing our written content almost word for word. They have also

13  stolen our illustrative images we created of speaker/room placement, AC wall outlets,

14  DC trigger outs, and ground loop diagrams."

15       15.    Specifically, Outlaw claimed that the product manual for the OSD 5185

16  was copied from Outlaw 5000's manual. In response to Outlaw's March 2, 2022

17  notice, Amazon.com removed the OSD Products.

18       16.    Plaintiff was confused and perplexed by the claims of Outlaw because

19  Homni had represented to Plaintiff that Homni was the owner of the Carver products

20  and product manuals, had the exclusive right to license the Carver products and

21  product manuals to Plaintiff, and that no other competitors were licensed to market or

1  sell the Carver products or utilize the product manuals for the Carver products.

2  Nevertheless, out of an abundance of caution, Plaintiff revised and substantially

3  rewrote the product manual for the OSD 5185.

4       17.    On or about April 7, 2022, Amazon.com noticed Plaintiff that the OSD

5  Products had been re-instated.

6       18.    On the same day, Plaintiff entered a "removal order" with Amazon.com to

7  remove all unsold OSD Products with the old user manuals.

8       19.    Following receipt of the March 2, 2022 notice to Amazon.com by Outlaw,

9  Plaintiff contacted Homni to inquire as to the veracity of the claims by Outlaw and

10  specifically the claim that Plaintiff's product manuals infringed upon Outlaw's product

11  manual and requested additional documentation as to Homni's previous claims of

12  ownership and right to license the Carver products and associated product manuals.

13       20.    Homni claimed it no longer had such documentation and that, at some

14  time in 2016, Homni suffered a flood and lost all information on its servers. Thus, as of

15  the time of Outlaw's first notice, Homni claimed it no longer had (assuming it ever

16  did) the documentation requested by Plaintiff as to Homni's previous claims of

17  ownership and right to license the Carver products and associated product manuals.

18       21.    On or about April 9, 2022, Outlaw filed a new takedown complaint with

19  Amazon.com which stated the following false claims:

20            a.   "OSD Audio has wholesale pirated large sections of the text and

21

1    custom images from the Outlaw Audio Model 5000 manual and shipped the pirated

2    manuals with their Model XA5180 as their own."

3              b.  "OSD has changed their product name multiple times, but each time,

4    uses our copyrighted content they package with their product. As a small company,

5    this is very hard for us because it is like a cat and mouse game. OSD continues to use

6    Amazon's online store and FBA to distribute pirated content."

7              c.  "They have tried to getting [*sic*] away with stealing our written content

8    word for word. They have also stolen our illustrative images we created for

9    speaker/room placement, AC wall outlets, DC trigger outs, and ground loop diagrams."

10    22.    In response to the April 9, 2022 claims, Amazon.com again removed

11    Plaintiff's products even with the revised product manuals.

12    23.    On or about April 12, 2022, Amazon.com re-instated Plaintiff's products

13    with new product manuals upon Plaintiff's counter notice.

14    24.    Following receipt of the April 9, 2022 notice to Amazon.com by Outlaw,

15    Plaintiff contacted Homni to inquire as to the veracity of the claims by Outlaw and

16    specifically the claim that Plaintiff's product manuals infringed upon Outlaw's product

17    manual and requested additional documentation as to Homni's previous claims of

18    ownership and right to license the Carver products and associated product manuals.

19    25.    Homni claimed it no longer had such documentation and that, at some

20    time in 2016, Homni suffered a flood and lost all information on its servers. Thus, as of

21    the time of Outlaw's first notice, Homni claimed it no longer had (assuming it ever



6

1  did) the documentation requested by Plaintiff as to Homni's previous claims of

2  ownership and right to license the Carver products and associated product manuals.

3      26.    In addition, in the Action, Outlaw claims that Plaintiff misrepresented the

4  signal-to-noise ration (SNR) of its products and specifically that its products falsely

5  represented a SNR of 115dB, thereby resulting in unfair competition on the part of

6  Plaintiff as it relates to Outlaw. The SNR of 115dBs though was a specific number

7  provided by Homni to Plaintiff which it represented to Plaintiff had been determined

8  by testing by its engineers. However, and when faced with questions by Plaintiff as to

9  the veracity of the results, Homni admitted that its claim of a SNR of 115dBs was false

10  and that no such SNR had been reached with respect to Plaintiff's products.

## COUNT ONE
## EQUITABLE INDEMNITY
### (Against All Defendants)

14      27.    Plaintiff realleges and incorporates by reference the foregoing paragraphs,

15  as if fully set forth herein.

16      28.    The doctrine of equitable indemnity arises from the common law principle

17  that one who has been compelled to pay damages which ought to have been paid by

18  another wrongdoer may recover from that wrongdoer. *Bush v. Superior Court*, 10 Cal.

19  App. 4th 1374, 1380 (1992).

20      29.    Homni is at fault for the damages alleged by way of the Action. Plaintiff

21  is in no way at fault for the damages sought by the Action.

30.    Outlaw's claims in the Action against Plaintiff stem from actions, misrepresentations, and the conduct of Homni in securing the exclusive distribution and sales agreement with Plaintiff as well as the OEM Agreement. More specifically, Outlaw's claims in the Action against Plaintiff stem, not from the actions of Plaintiff, but from Homni's representation that it was the owner of the Carver products and accompanying product manuals and had not licensed such products or manuals to any third party. In addition, Outlaw's claims in the Action with respect to the SNR data are the result of Homni's misrepresentation to Plaintiff that the SNR of 115dB had been tested and confirmed by its engineers which Homni has admitted was a false statement. Upon information and belief, the damages alleged by way of the Action are the direct and proximate result of the conduct of Homni.

31.    As a direct and proximate result of Homni's conduct, Plaintiff has incurred and will continue to incur damages and expenses, including attorney's fees and costs in defending and prosecuting the Action. Further, if and to the extent Plaintiff is found civilly liable on claims asserted in the Action, such civil liability was directly and proximately caused by Homni.

32.    Homni bears an equitable duty to indemnify Plaintiff for any and all such liability and damages.

33.    WHEREFORE, Plaintiff prays for relief as set forth below.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

# COUNT TWO

## CONTRIBUTION

### (Against All Defendants)

34.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

35.    Homni is at fault for the damages alleged by way of the Action. Plaintiff is in no way at fault for the damages sought by the Action.

36.    Outlaw's claims in the Action against Plaintiff stem from actions, misrepresentations, the conduct of Homni in securing the exclusive distribution and sales agreement with Plaintiff as well as the OEM Agreement. More specifically, Outlaw's claims in the Action against Plaintiff stem, not from the actions of Plaintiff, but from Homni's representation that it was the owner of the Carver products and accompanying product manuals and had not licensed such products or manuals to any third party. In addition, Outlaw's claims in the Action with respect to the SNR data are the result of Homni's misrepresentation to Plaintiff that the SNR of 115dB had been tested and confirmed by its engineers which Homni has admitted was a false statement. Upon information and belief, the damages alleged by way of the Action are the direct and proximate result of the conduct of Homni.

37.    As a direct and proximate result of Homni's conduct, Plaintiff has incurred and will continue to incur damages and expenses, including attorney's fees and costs in defending and prosecuting the Action. Further, if and to the extent

1    Plaintiff is found civilly liable on claims asserted in the Action, such civil liability was

2    directly and proximately caused by Homni.

3          38.   WHEREFORE, Plaintiff prays for relief as set forth below.

4

## PRAYER FOR RELIEF

5    WHEREFORE, Plaintiff prays for the following relief against Defendants:

6          a.  General damages, according to proof on each cause of action for which

7    such damages are available;

8          b.  Special damages, according to proof on each cause of action for which

9    such damages are available;

10         c.  Compensatory damages, according to proof on each cause of action for

11    which such damages are available;

12         d.  Incidental damages, according to proof on each cause of action for

13    which such damages are available;

14         e.  For restitution, according to proof on each cause of action for which

15    such damages are available;

16         f.  For damages in the amount of a proportionate share of liability as

17    determined by the Court;

18         g.  For damages in the amount of any judgment that Outlaw may obtain

19    against Plaintiff;

20         h.  Award prejudgment interest at the maximum legal rate as allowed by

21



1    the law;

2            i.   Award reasonable attorney's fees according to proof;

3            j.   Award costs of suit herein incurred; and

4            k.   Award such other and further relief as the Court may deem proper.

5                            **JURY DEMAND**

6        Plaintiff hereby demands a trial by jury on all issues so triable.

7

8    DATED:  October 20, 2023        **LILAW INC.**

9

10                           By  /s/ *J. James Li*

11                               J. James Li, Ph.D.
                                Attorneys for Plaintiff OSD Audio

12

13

14

15

16

17

18

19

20

21

# Exhibit A

Samuel B. Strohbehn, State Bar No. 257697
sstrohbehn@klinedinstlaw.com
Greg A. Garbacz, Bar No. 167007
ggarbacz@klinedinstlaw.com
Irean Z. Swan, State Bar No. 313175
iswan@klinedinstlaw.com
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 400-8000/FAX (619) 238-8707

Attorneys for Defendants OUTLAW AUDIO, LLC,
BENJAMIN BREWER, JONATHAN S. LEDERMAN, and PETER D.
TRIBEMAN and Counterclaimant OUTLAW AUDIO, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SANTOS ELECTRONICS INC., dba OSD AUDIO, a California corporation,, | Case No. 8:22-cv-827 JVS (KESx) |
| Plaintiff, | **ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, AND PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC** |
| v. | |
| OUTLAW AUDIO, LLC, a Massachusetts limited liability company, BENJAMIN BREWER, an individual, JONATHAN S. LEDERMAN, an individual, PETER D. TRIBEMAN, an individual. | |
| Defendant. | |
| OUTLAW AUDIO, LLC, a Massachusetts limited liability company,, | |
| Counterclaimant, | |
| v. | |
| SANTOS ELECTRONICS INC., dba OSD AUDIO, a California corporation, LIEN CHAI, aka DAVE CHAI, an individual, and ROES 1 THROUGH 20. | |
| Counter-Defendants. | |

DEFENDANT and COUNTERCLAIMANT OUTLAW AUDIO, LLC ("Outlaw"), and Defendants BENJAMIN BREWER, JONATHAN S. LEDERMAN, and PETER D. TRIBEMAN (collectively with Outlaw, "Defendants") answer, subject to their affirmative defenses and Fed. R. Civ. P. 8(b), as follows. An admission to a part or portion of an allegation below does not constitute an admission, either express or implied, to the remainder of the allegation.

## PARTIES AND NATURE OF ACTION

1.     Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 1 of the Complaint, and are not required to respond because no allegations against them are contained therein.

2.     Defendants admit the allegations in Paragraph 2 of the Complaint with a correction that Defendant Outlaw's office is located at 10 Commerce Way, Suite B, Norton, MA 02766.

3.     Defendants admit the allegations in Paragraph 3 of the Complaint.

4.     Defendants admit that Defender Lederman is a manager of Defendant Outlaw and a resident of Massachusetts. Defendants deny each and every remaining allegation in Paragraph 4 of the Complaint.

5.     Defendants admit the allegations in Paragraph 5 of the Complaint.

6.     Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 6 of the Complaint, and are not required to respond because no allegations against them are contained therein. This paragraph sets forth legal conclusions and questions of law to which no response is required.

7.     Defendants deny they aimed any intentional misconduct at Plaintiff and deny the Court has personal jurisdiction over them. Defendants have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph 7 of the Complaint and on that basis, deny those allegations.

8.     Defendants admit the Court has original jurisdiction over the action.

/ / /

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

9.     Defendants deny venue is proper in the Central District of California and deny that any of their conduct, as alleged in the Complaint, occurred in this judicial district.

## GENERAL ALLEGATIONS

10.     Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 10 of the Complaint, and are not required to respond because no allegations against them are contained therein.

11.     Defendants admit they are in the business of selling audio products as alleged in Paragraph 11 of the Complaint, with a correction that Defendant Outlaw develops and sells products either wholly imported from foreign countries or fully designed and assembled in the United States using foreign and domestic parts.

12.     Defendants admit the Federal Trade Commission conducted an investigation in 2019 and that Defendant Outlaw implemented remedial action in response to the investigation. Defendant Outlaw's flagship amplifiers have always been designed, engineered, and assembled in the United States but because these flagship products contain some imported parts, the Federal Trade Commission conducted an investigation to seek clarification. Defendants deny each and every remaining allegation in Paragraph 12 of the Complaint.

13.     Defendants admit that Outlaw sources some of its products through an agent from a manufacturer in China, Homni Integ Electronics ("Homni"). Defendants have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 14 of the Complaint, and are not required to respond because no allegations against them are contained therein.

15.     Defendants admit that Defendant Brewer, acting as an agent and for the benefit of Defendant Outlaw, sent Amazon.com a complaint which made the claims in subsections a and b. Defendants deny the complaint submitted to Amazon.com

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

contained false claims.

16.     Defendants deny each and every allegation in Paragraph 16 of the Complaint and the whole thereof.

17.     Defendants admits Defendant Brewer acted according to the instruction or consent by Defendant Lederman. Defendants admit Defendant Lederman was Defendant Brewer's manager. Defendants deny each and every remaining allegation in Paragraph 17 of the Complaint.

18.     Defendants deny each and every allegation in Paragraph 18 of the Complaint and the whole thereof.

19.     Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 19 of the Complaint, and are not required to respond because no allegations against them are contained therein.

20.     Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 20 of the Complaint, and are not required to respond because no allegations against them are contained therein.

21.     Defendants deny that Defendant Brewer received a letter from Plaintiff's legal counsel on or about March 10, 2022, which attached a Carver HTA5A owner's manual. Defendants have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph 21 of the Complaint, and are not required to respond because no allegations against them are contained therein.

22.     Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 22 of the Complaint, and are not required to respond because no allegations against them are contained therein.

23.     Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 23 of the Complaint, and are not required to respond because no allegations against them are contained therein.

/ / /

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

24. Defendants admit that Defendant Lederman sent Amazon.com a complaint which stated the claims in subsections a through c on or about April 9, 2022. Defendants deny the complaint submitted to Amazon.com contained false claims.

25. Defendants admits Defendant Lederman acted as an agent and for the benefit of Defendant Outlaw when he submitted a complaint to Amazon.com on April 9, 2022. Defendants deny each and every remaining allegation in Paragraph 25 of the Complaint.

26. Defendants deny each and every allegation in Paragraph 26 of the Complaint and the whole thereof.

27. Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 27 of the Complaint, and are not required to respond because no allegations against them are contained therein.

28. Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 28 of the Complaint, and are not required to respond because no allegations against them are contained therein.

29. Defendants admits Defendant Lederman submitted a complaint to Amazon.com on April 13, 2022, which stated the "Infringement type" as "Copyright on the product or product packaging." Defendants deny each and every remaining allegation in Paragraph 29 of the Complaint.

30. Defendants admits Defendant Lederman acted as an agent and for the benefit of Defendant Outlaw when he submitted a complaint to Amazon.com on April 13, 2022. Defendants deny each and every remaining allegation in Paragraph 29 of the Complaint.

31. Defendants deny each and every allegation in Paragraph 31 of the Complaint and the whole thereof.

32. Defendants have no information or belief sufficient to enable them to answer the allegations in Paragraph 32 of the Complaint, and are not required to

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

respond because no allegations against them are contained therein.

## COUNT I

### Misrepresentation under DMCA

33.     Defendants are not required to respond to the allegations in Paragraph 33 because no allegations against them are contained therein.

34.     Defendants are not required to respond to the allegations in Paragraph 34 because no allegations against them are contained therein. This paragraph sets forth legal conclusions and questions of law to which no response is required, nor does it contain any allegations. To the extent a response is required, Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and on that basis denies them.

35.     Defendants are not required to respond to the allegations in Paragraph 35 because no allegations against them are contained therein. This paragraph sets forth legal conclusions and questions of law to which no response is required, nor does it contain any allegations. To the extent a response is required, Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and on that basis denies them.

36.     Defendants deny each and every allegation in Paragraph 36 of the Complaint and the whole thereof.

37.     Defendants deny each and every allegation in Paragraph 37 of the Complaint and the whole thereof.

38.     Defendants deny each and every allegation in Paragraph 38 of the Complaint and the whole thereof.

39.     Defendants deny each and every allegation in Paragraph 39 of the Complaint and the whole thereof.

40.     Defendants are not required to respond to the allegations in Paragraph 40 because no allegations against them are contained therein. To the extent a response is required, Defendants lack the knowledge or information sufficient to

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

form a belief about the truth of the allegations in this Paragraph and on that basis denies them.

## AFFIRMATIVE DEFENSES

Except where otherwise admitted, Defendants deny generally and specifically each and every allegation contained in the Complaint and deny that Plaintiff has sustained damage in any sum by reason of any act, breach, or omission by Defendants.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

As a first, separate, affirmative defense, Defendants allege that the Complaint, and each and every cause of action or purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

As a second, separate, affirmative defense, Defendants allege that Plaintiff, by its own acts and/or omissions, is estopped from recovering at all against Defendants.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Exercise Ordinary Care)

As a third, separate, affirmative defense, Defendants thereon allege that, at all times and places alleged in the Complaint, Plaintiff failed to exercise ordinary and reasonable care on its own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, its own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

As a fourth, separate, affirmative defense, Defendants allege that Plaintiff, by its own acts and omissions, has waived its rights, if any, to recover against

7

Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a fifth, separate, affirmative defense, Defendants allege that the damages allegedly suffered by Plaintiff, if any, have been aggravated as a result of its failure to exercise reasonable diligence to mitigate its damages, if any.  Defendants' liability, if any, must therefore be limited to the amount of damages that would have been sustained if Plaintiff had exercised reasonable diligence and appropriately mitigated its damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Uncertainty)

As a sixth and separate affirmative defense, Defendants allege that the cause of action in the Complaint is uncertain and ambiguous as to Plaintiff's claim for damages against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

As a seventh and separate affirmative defense, Defendants allege that the cause of action contained in the Complaint is barred by the doctrine of laches, in that the Plaintiff has unreasonably delayed in bringing this claim, and said delays have prejudiced Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As an eighth, separate, affirmative defense, Defendants allege that, by reason of its conduct, Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in the Complaint.

/ / /

/ / /

/ / /

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## NINTH AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

As a ninth, separate, affirmative defense, Defendants allege that if Defendants is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other parties, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As an tenth, separate, affirmative defense, Defendants allege that the Complaint on file herein appears to be barred by the applicable Statute of Limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Plead Eligibility for Statutory Damages)

As an eleventh, separate, affirmative defense, Defendants allege that Plaintiff fails to plead facts sufficient to allege that it is eligible to recover statutory penalties and/or statutory attorney's fees under the Digital Millennium Copyright Act.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Acts of Others)

As a fourteenth, separate, affirmative defense, Defendants allege that the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, and not Defendants, which intervening and superseding actions bar and/or diminish recovery, if any, against Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Complaint Brought Without Reasonable Care or Without Good Faith)

As a sixteenth, separate, affirmative defense, Defendants allege that the Complaint was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

filing of the Complaint against Defendants, and that Plaintiff should therefore be responsible for all of Defendants' necessary and reasonable defense costs, including attorneys' fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Justified)

As a fourteenth, separate, affirmative defense, Defendants allege the Complaint fails to state facts sufficient to support an award of damages for punitive damages against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As a fifteenth, separate, affirmative defense, Defendants allege that any recovery by Plaintiff would be unjust and inequitable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Representations True)

As a sixteenth, separate, affirmative defense, Defendants allege that any statement or fact or opinion made by Defendants was true, or if not true, was reasonably believed to be true at the time it was made.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

As a seventeenth, separate, affirmative defense, Defendants allege that by reason of their conduct, Plaintiff is barred by the Doctrine of In Pari Delicto from taking any relief sought in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Offset)

As an eighteenth, separate, affirmative defense, Defendants allege that any damages claimed by Plaintiff, if any, are offset by damages suffered by Defendants as a result of Plaintiff's actions.

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

## NINETEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

As a nineteenth, separate, affirmative defense, Defendants is informed and believe and thereon allege that the Plaintiff's damages, if any, which Defendants denies, are vague, uncertain, imaginary, and speculative.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Causation)

As twentieth, separate, affirmative defense, Defendants allege that Plaintiff has not suffered any damage or injury that was actually or proximately caused by any act or omission of any Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Conduct was Justified)

As a twenty-first, separate, affirmative defense, Defendants allege that their conduct in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing, Plaintiff is barred from any recovery against Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Other Defenses)

As a twenty-second, separate, affirmative defense, Defendants allege that it may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize its claims and due to the fact that discovery is ongoing. Defendants therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of documents and discovery responses, and upon the development of other pertinent information. Defendants reserves the right to amend this answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

/ / /

/ / /

/ / /

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Right to Amend)

As a twenty-third, separate, affirmative defense, Defendants reserve the right to amend their answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

WHEREFORE, Defendants pray for judgment against the Plaintiff as follows:

1.     That Plaintiff takes nothing by way of its action;

2.     That Defendants be awarded costs of suit incurred herein; and

3.     For such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS AGAINST SANTOS ELECTRONICS INC., dba OSD AUDIO AND LIEN CHAI, aka DAVE CHAI

1.     This is an action for unfair competition, false advertising, copyright infringement, trade libel, interference with economic advantage, declaratory relief, and injunctive relief arising from Counter-Defendants' unauthorized use of Counterclaimant Outlaw Audio LLC's ("Outlaw") federally registered copyrighted materials and the misleading or false information and statements they provided regarding Outlaw. Outlaw brings these counterclaims to preliminarily and permanently enjoin Counter-Defendants' infringement and unauthorized activities, and to recover damages to which it is entitled under United States federal law and California state law.

### PARTIES

2.     Outlaw is a Massachusetts limited liability company with its principal place of business in Norton, Massachusetts.

3.     On information and belief, Counter-Defendant Santos Electronics Inc., dba OSD Audio ("OSD") is a California corporation with its principal place of business at 775 Columbia Street, Brea, California. On information and belief, OSD is the exclusive licensee of the Carver brand in the United States.

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

4. On information and belief, Counter-Defendant Lien Chai, aka Dave Chai ("Chai"), is, and at all times herein mentioned was, an individual residing in the State of California. On further information and belief, Chai is the Chief Executive Officer, President, owner, and director of OSD and controls or has the ability to control OSD and all brands[1] related to OSD. On information and belief, he is also the alter ego and legal representative of OSD and is equally and personally liable for the claims alleged herein. On further information and belief, Chai used and is continuing to use OSD to perpetuate the frauds, deceptions, and infringements alleged herein, and continues to do so to this day by misusing the corporate form(s) to conceal wrongdoing.

5. Outlaw is ignorant of the true names and capacities of the counter-defendants sued herein as ROES 1 to 20 and therefore sues these counter-defendants by such fictitious names. Outlaw will amend these counterclaims to allege the true names and capacities when they are ascertained.

6. Outlaw is informed and believes, and thereon alleges, that each fictitiously named counter-defendant is responsible in some manner for the occurrences herein alleged, and Outlaw's injuries and damages as herein alleged were directly, proximately, and/or legally caused by counter-defendants, and all of their acts.

7. Outlaw is informed and believes, and thereon alleges, that the aforementioned ROES are somehow responsible for the acts alleged herein as the agents, employers, representatives, or employees of other named counter-defendant, and in doing the acts alleged herein, were acting within the scope of their agency, employment, or representative capacity, as said named counter-defendant, or of each other.

[1] OSD owns and operates the following: Outdoor Speaker Depot, Optimal Speaker Design, OSD Black, Audio Gear Group, wholehouseaudio.com, OSD Amazon store, and OSD Ebay store.

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC 501 WEST BROADWAY, SUITE 600 SAN DIEGO, CALIFORNIA 92101

8.      Outlaw is informed and believes, and thereon alleges, that each of these counter-defendant named herein, are the agents, employers' representatives, or employees of the other named counter-defendant, and in performing the acts alleged herein, were acting within the scope of their agency, employment, and/or representative capacity, and are therefore responsible for the acts complained of herein. On information and belief, OSD is the alter ego of Chai, and has been used for the purpose of engaging in the actionable conduct described herein.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1125 because this is an action for unfair competition and false advertising arising under the Lanham Act.

10.      The Court also has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) because this is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, 106, 115, 501, 602 et seq.

11.      This Court has personal jurisdiction over Counter-Defendants because they do systematic and continuous business and/or have a place of business in this Judicial District. On information and belief, Chai also resides in this Judicial District.

12.       Venue is proper in this District pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) because Counter-Defendants are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District. In addition, Counter-Defendants have places of business and residence in this Judicial District.

## FACTUAL ALLEGATIONS

### Outlaw's Business and Copyrighted Instruction Manuals

13.      Outlaw is a Massachusetts-based, direct to consumer developer and retailer of home consumer audio electronics. Founded in 1999, Outlaw has designed

14

1  and manufactured numerous different audio and video products, many of which
2  have won industry awards for innovation and value.

3       14.    Outlaw has expended extensive effort to differentiate its products from
4  those of other companies in price, design, quality, and support. As a result, Outlaw
5  has built a very strong brand reputation for being one of the top direct-to-consumer
6  audio companies, known for providing high value/price ratio products.

7       15.    In 2013 and as part of a partnership with an Oregon company, Outlaw
8  developed and engineered a line of high-powered, high-quality, multichannel
9  amplifiers from a non-working concept design that belonged to Homni Integ
10 Electronics ("Homni"), a Chinese manufacturer. Outlaw sold these products under
11 its brand and with its trade dress. Outlaw also extensively modified the cosmetics of
12 this platform to match its trade dress. Notable in these changes was the inclusion of
13 a blue status LED ring around the power button and many internal design changes.
14 After significant time and expense, Outlaw released the commercially successful
15 Outlaw Audio Model 5000 amplifier ("Model 5000").

16      16.    Between September 2013 and January 23, 2015, during the
17 development of the Model 5000, Outlaw wrote and created an instruction manual
18 for the Model 5000. A true and correct copy of the Outlaw Model 5000 instruction
19 manual registered with the United States Copyright Office is attached hereto as
20 Exhibit A, and is incorporated by reference. Product manuals are essential sources
21 of product advertisement and differentiation within the high-end pro-audio and
22 home theater market. The Model 5000 instruction manual contained original words,
23 pictures, diagrams, and other content from earlier manuals Outlaw wrote, drew, and
24 created, which date back to 1999. As the sole author and developer of such content,
25 Outlaw owns the rights to all of the content in the Model 5000 instruction manual,
26 including but not limited to the customized text, artwork, and line drawings specific
27 to Outlaw products. The Model 5000 amplifier instruction manual has been
28 registered with the United States Copyright Office and is the subject of a valid

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  United States copyright (Regis. No. TX0009123009), with a date of publication of

2  January 23, 2015. (Ex. A, p. 1.)

3      17.    The following year, in 2016, Outlaw began development of the Model

4  5000X, a more advanced version of the Model 5000. In 2017, Outlaw began

5  developing the Model 7000X. In 2018, Outlaw launched the more advanced 7-

6  channel version, the Model 7000X. In 2020, Outlaw also launched the Model 5000x.

7  Just as it did for the Model 5000 amplifier, Outlaw also wrote and created

8  instruction manuals for the Model 5000x and Model 7000x amplifiers, both of

9  which contained content from the Model 5000 amplifier's instruction manual. A true

10  and correct copy of the Outlaw Model 5000x instruction manual is attached hereto

11  as Exhibit B, and is incorporated by reference. A true and correct copy of the

12  Outlaw Model 7000x instruction manual is attached hereto as Exhibit C, and is

13  incorporated by reference.

14  **<u>OSD Launches Competing Products</u>**

15      18.    On information and belief, OSD launched its competing product, the

16  OSD Black A5500 amplifier ("OSD Black A5500"), after Outlaw launched the

17  Model 5000. The OSD Black A5500 and its manual purports to share almost all of

18  the same consumer-facing specification as Outlaw's Model 5000. On further

19  information and belief, Homni built the OSD Black A5500, but the OSD Black

20  A5500 contains design and part differences that make it inferior to Outlaw's

21  products. OSD sold the OSD Black A5500 at a significantly lower retail price, for as

22  low as $350 with free shipping. On information and belief, OSD priced its amplifier

23  in this manner in an effort to undercut Outlaw's Model 5000 amplifier, which

24  originally sold for $599 plus shipping, a greater than $300 price differential. On

25  information and belief, OSD Black A5500's significantly lower retail price was

26  likely little more than the landed factory cost to bring these items into the United

27  States. On further information and belief, OSD acted in this manner to dump

28  product and gain market share.

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

19.     On information and belief, OSD renamed the OSD Black A5500 to the OSD XA5180, both on their website and on Amazon, and increased its price to match Outlaw's competing product. These actions allowed the OSD XA5180 to inherit all the reviews from the OSD Black A5500, whose reviews were earned at a significantly lower price. By renaming the product, increasing the price to match Outlaw's offering, and inheriting reviews for a significantly lower priced product, OSD led consumers to believe the product had a much better value than it did.

20.     On information and belief, OSD also developed two additional products, the OSD XA3200 and OSD XA7180 amplifiers, that share similar consumer-facing specifications as Outlaw products. On information and belief, OSD developed and launched these products after Outlaw launched the Model 5000.

**OSD Copies Outlaw's Copyrighted Instruction Manuals and Uses Them for Its Competing Products**

21.     OSD has also been providing customers with instruction manuals that contain content, including words and images, copied directly from the instruction manuals Outlaw created for the Model 5000. A true and correct copy of the OSD Black A5500 instruction manual is attached hereto as Exhibit D, and is incorporated by reference. The same infringing content has been used to market the XA7180 (formerly A5500), XA3200, XA3200 as a single owner's manual. A true and correct copy of the OSD XA7180, XA3200, XA3200 instruction manual is attached hereto as Exhibit E, and is incorporated by reference.

22.     This infringing activity is flagrant and readily demonstrable. The OSD infringing manuals include mentions of features and contain line art that do not exist in OSD's own products, and indeed do not exist in any other product other than Outlaw's products. For example, the OSD infringing manuals describe features and contain line art and drawings that do not exist in any other product other than Outlaw products and copied, verbatim, texts from the Outlaw product manuals:

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# Outlaw's Model 5000 instruction manual (Ex. A, pp. 9, 12)



**Remote Trigger Connection**

**Model 5000**
**Remote Trigger Connection**

Set the MANUAL/TRIGGER switch to Trigger

DC TRIGGER OUTPUT

**Power Connection**

**Model 5000 Power Connection**

AC Wall Outlet

## A Few Words About Hum and Noise

Audible hum, or a discernable low frequency noise, is one of the most common problems in audio/video systems. This hum, which may be present even when the volume is at a low level or when the power is off, is usually caused by a problem known as "ground loops." A ground loop occurs when there is a difference in ground voltages between two or more components that are connected electrically. This, in turn, creates multiple current paths and causes the low-level noise, or hum.

The growing sophistication of home theater systems, and the increased number of components used to create these systems has dramatically increased the potential for the possibility of ground loops. While it is natural to suspect that the components in your system are the cause of the hum, in many cases the cause may be due to other conditions. In particular, cable TV connections from outside the house have become a major source of hum.

In most cases, one of the following suggestions should help you to solve a hum problem in your system. Please try these steps in the sequence shown, proceeding from one step to the next if the prior suggestion does not eliminate the problem.



**Ground Loop Diagram**

Cable Feed

Set-top Box

Coax Cable

A/V Cables

60Hz AC Ground Loop

60Hz AC Ground Loop

AC Line

AC Line

Main House Grounding

AC Ground

hum disappears when the input cables are disconnected, but returns after the cables are changed and the system

meter be isolated from the water mains with a length of PVC pipe, thus interrupting the ground circuit. The safest, and most

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# OSD's A5500 instruction manual (Ex. D, pp. 8, 11)

## REMOTE TRIGGER CONNECTION

A5500 Remote Trigger Connections

## POWER CONNECTION

A5500 Power Connections




## A FEW WORDS ABOUT HUM AND NOISE

Audible hum, or a discernable low frequency noise, is one of the most common problems in audio/video systems. This hum,which may be present even when the volume is at a low level or when the power is off, is usually cause by a problem know as "ground loops." A ground loop occurs when there is a difference in ground voltages between two or more components that are connected electrically. This, in turn, creates multiple current paths and causes the low-level noise, or hum.

The growing sophistication of home theater systems, and the increased number of components used to create these systems has dramatically increased the potential for the possibility of ground loops. While it is natural to suspect that the components in your system are the cause of the hum, in many cases the cause may be due to other conditions. In particular, cable TV connections from outside the house have become a major source of hum.

In most cases, one of the following suggestions should help you to solve a hum problem in your system. Please try these steps in the sequence shown, proceeding from one step to the next if the prior suggestion does not eliminate the problem.






KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101
KLINEDINST PC

**OSD's XA7180, XA5180, and XA3200 instruction manual (Ex. E, pp. 7, 10)**





23. OSD's manual misrepresents the features and specifications of its products. For example, as demonstrated in the above image, OSD copied Outlaw's manual, which displays a grounded three prong IEC power plug despite the fact that OSD's Model A5500 and XA5180 units, which Outlaw purchased in 2018 and April 7, 2022, only had two prongs (ungrounded). All of Outlaw's current power amplifiers use three prong power cords, including the safety ground. Rather than rely on internal insulation only for consumer safety, Outlaw provides a safety ground allowing its customers to also utilize safety features built into their home's circuit breaker. Outlaw provides grounding terminals to help customers easily

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

address any issues with ground loops. A true and correct photograph of the front and back of the Outlaw Model 5000, Outlaw Model 5000x, OSD XA5180, and OSD Black A5500 amplifiers is attached hereto as Exhibit F, and is incorporated by reference.

24.     Further, OSD's input jacks/terminals are of lower quality than OSD's product. OSD's input stage is not properly isolated, which allows for increased noise. Further OSD inaccurately lists their product as using more output devices than it does. OSD incorporated a trigger system, via signal sense, which makes its units prone to internal clicking during quiet passages of music and movies. In addition, as required by FTC law, the OSD Black A5500 and OSD XA5180 amplifiers do not contain the required Country of Origin labeling on their products; nor do the product images shown on Amazon, Ebay, or OSD's numerous market places. This is also the case for the OSD XA3200 and XA7180. Only products manufactured in the United States are allowed to be sold without Country of Origin labeling on the product itself; by excluding the Country of Origin labeling on the product and product images, consumers would be likely to believe these products are manufactured in the United States. In addition, OSD continues to use loose product packaging which can result in product being damaged in shipping. Customers believing that OSD and Outlaw products are the same are led to believe Outlaw also uses subpar packaging.

25.     OSD's copy of Outlaw's manual also uses images and references features that do not exist on OSD's products. For example, OSD references the Outlaw "Blue Ring" button which appears only on Outlaw's products (on the front bottom left of the unit) and states that such button glows "dimly" or "brightly" when put in "standby" and "on" mode respectively. However, there is no blue ring on any OSD amplifiers. The "Blue Ring" is a uniquely Outlaw feature that does not exist on any Homni, Carver, or OSD product.

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

| Text from OSD's A5500 amplifier manual (Ex. D, p. 7) | Text from OSD's XA7180, XA5180, and XA3200 manual (Ex. E, p. 8) |
|---|---|
| 2. Connect the supplied 3.5mm mono mini-plug from the trigger-output jack of the source device to the **REMOTE TRIGGER** jack on the amplifier's rear panel. When the switch is set to TRIGGER, the A5500 goes into standby mode ==and the blue ring around the Power button glows dimly.== When the connected device is turned on, ==the A5500 turns on and the blue ring glows brightly.== <br><br> *If you set the MANUAL/TRIGGER switch to Trigger, but don't connect the A5500 to another device with the REMOTE TRIGGER cable, ==the blue ring around the Power button will glow,== but the amplifier will not respond if you press the Power button.* | If the controlling device is off, this will return the amp to standby mode, ==and the blue ring will glow dimly. If the controlling device is on, the blue ring will glow brightly.== The amplifier will remain on if you turn the controlling device on after powering up the XA manually. <br><br> **WHEN YOU ARE AWAY** <br><br> If you won't be using your system for an extended period of time, it is always a good idea to turn the unit off using the amplifier's front panel Power button and disconnecting the AC power cord. This will prevent the XA from accidentally turning on during your absence. |

| Text from Outlaw's Model 5000 amplifier manual (Ex. A, p. 10) |
|---|
| 2. Connect the supplied 3.5mm mono mini-plug from the trigger-output jack of the source device to the REMOTE TRIGGER jack on the amplifier's rear panel. When the switch is set to TRIGGER, and the front power switch is set to ON, ==the blue ring around the Power button glows dimly indicating the amp is in Standby mode.== When the connected device is turned on, the Model 5000 turns on ==and the blue ring glows brightly.== <br><br>  *If you set the MANUAL/TRIGGER switch to Trigger, but don't connect the Model 5000 to another device with the REMOTE TRIGGER cable, ==the blue ring around the Power button will glow== when the Power button is pressed, but the amplifier will remain in standby.* |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**OSD's XA5180 and A5500 amplifiers (Ex. F)**



**OSD's XA5180 amplifier as shown on OSDAudio.com as of May 30, 2022[2]**



**OSD's A5500 amplifier as shown on the front page of its manual (Ex. D)**



[2] These images in OSD's copycat manuals (Ex. D) show/suggest its products have the same blue ring power button, when in fact the actual OSD units (pictured above in Ex. F) do not have any such blue ring/lighting feature.

23

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

**OSD's XA5180 amplifiers as shown on the front page of its manual (Ex. E)**



**Outlaw's Model 5000 as shown on the front page of its copyrighted manual (Ex. A)**



**Outlaw's Model 5000 and 5000x amplifiers (Ex. F)**



Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

26.     In other instances, OSD's manual includes certain text inserted in mismatching font because OSD apparently did not have the matching font the original Outlaw manual was drafted in.

27.     To Outlaw's knowledge, content from Outlaw's instruction manual, including drawings and descriptions of the distinctive illuminated LED ring surrounding the power button, have appeared in the following OSD or OSD-licensed products: OSD A5500, OSD XA5180 (formerly OSD A5500), Carver HTA5A (licensed to OSD), OSD XA7180, and OSD XA3200. OSD's use and continuing use of Outlaw's copyrighted work without license or consent is wrongful; the continued usage, through the date of these Counterclaims, of the aforementioned LED ring proves this is willful.

28.     OSD has falsely claimed that both OSD and Outlaw adapted their manuals from the same manual developed originally by Carver. Outlaw is the sole and exclusive creator of the content in the manual. Beyond Outlaw's own history and documentation of the drafting of such content, this fact is easily demonstrated by reviewing the Carver manual OSD claims Outlaw used, which itself also makes multiple references to features only present on Outlaw's products and not OSD or Carver products (e.g. LED ring around power button, three prong power inlet, TRIGGER/MANUAL switch, and depictions of product feet). A true and correct copy of the Carver instruction manual attached to OSD's complaint is attached hereto as Exhibit G, and is incorporated by reference.

29.     OSD's conduct and infringement has caused significant confusion amongst Outlaw's customers. OSD appropriated Outlaw's strong reputation onto OSD's inferior product and took advantage of the goodwill Outlaw built to sell products at a reduced price in order to divert sales away from Outlaw and enrich itself. When confronted with this issue, OSD's response has been to file this meritless suit and attempt to threaten and intimidate Outlaw and disrupt its business and commercial relationships.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

25

### OSD's Interference with Outlaw's Business Relationships

30.     On Wednesday, March 16, 2022 at 4:05PM ET, Defendant Brewer, Outlaw's Product Manager, received the following voicemail[3] from Counter-Defendant Chai, the Chief Executive Officer, President, and owner of OSD:

> "Hi Ben, my name is Dave, Dave Chai, I'm the owner of OSD audio. I think that you know the reason that I give you a call and there is a one product that we both buy from the same factory in China based on a Carver design, the five channel. Your company filed notice that took down from our Amazon listing, I think using the Digital Millennium copyright issue. So I just wanna give you a call to see what we need to do to solve this dispute. We already changed the manual. The reason we got this manual looks similar like you is because when we got the product from the Carver factory, they give us their Carver manual and so if there is anything that may you guys working on it, we don't intend to violate the copyright or anything that you claim. So gimme a call when you get a chance. The day, you know our product off the Amazon it is loss of business revenue to us and so I want to discuss this with you. Phone number is [redacted]. Dave Chai, OSD Audio."

31.     Outlaw has never licensed, sublicensed, or otherwise authorized OSD, Carver, or Homni (who acquired the "Carver" name) to use Outlaw's manuals. OSD's representation in its Complaint in this matter that "both Outlaw and OSD's manuals were originated from Homni, Carver's current owner" is false.

32.     Chai also called Outlaw's technical support manager on April 12, 2022, and threatened that "he is a personal friend of Homni's owner and could make it so that they would cut ties with Outlaw if he asks them to, but doesn't want to go that route" and instead would prefer to "make friends." On information and belief, Chai also contacted Homni's owner in an effort to pressure Outlaw into withdrawing its DCMA takedown requests and to prevent Outlaw from taking further actions to protect its intellectual property and associated rights. On further information and belief, after OSD initiated this action, Chai texted Outlaw's United States agent on Friday, April 15, 2022: "Hi [redacted], long time no see. I hope you are well in

---

[3] Outlaw redacted Chai's phone number from the message.

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1      health, please give me a call, I want to discuss you (*sic*) about Outlaw." Outlaw's

2      agent replied that he was out of the office and could talk on Monday. On Friday,

3      April 22, 2022 at 11:52AM PT, Chai spoke with Outlaw's United States agent and

4      said that he was going to sue Outlaw for all of OSD's lost sales, in another effort to

5      pressure Outlaw, and to let Defendant Lederman know that. Chai also stated

6      multiple times that "people who live in glass houses shouldn't throw stones."

7           33.      Additionally, Chai placed an order for an Outlaw Model 7000x

8      amplifier through Amazon on April 19, 2022. A true, correct, and redacted copy of

9      the order Chai placed, the ground shipping details, the return Chai requested, and

10      messages to Chai are attached hereto as Exhibit H, and is incorporated by reference.

11      On information and belief, Chai then falsely informed Amazon that the unit he

12      received was defective in an effort to adversely affect Outlaw. On May 3, 2022,

13      before Outlaw realized this customer was Chai, Outlaw reached out to provide

14      support and assistance, and to determine if the report of defects was legitimate. (Ex.

15      H, p. 4.) This correspondence was ignored.

16           34.      Outlaw thoroughly tested and inspected the amplifier Chai purchased

17      and returned, and found the product to be wholly free from defects and the

18      accessory pack included with Chai's purchase to be unopened. However, Chai's

19      false report has caused Outlaw to lose its Buy Box—or the function that allows

20      Amazon customers to easily add products to a shopping cart instead of going

21      through a multi-step process to add the product to their shopping cart—for the

22      Model 5000x and Model 7000x amplifiers, disabled Amazon advertising capabilities

23      for these products, and impacted Amazon customers' abilities to easily add Outlaw's

24      product to their shopping cart. All of this has caused Outlaw to lose sales, reputation

25      and standing, and suffer significant financial losses.

26           35.      On information and belief, on or about March 22, 2022, OSD and/or

27      Chai filed a Digital Millennium Copy Right Act ("DMCA") counter notice in

28      response to Outlaw's DMCA takedown request(s). As part of such counter notice,

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

Chai was required to attest under penalty of perjury that either the infringing material had been removed or that he held a good faith belief that the material in question was wrongfully removed. 17 U.S.C. § 512(g). OSD continued to sell products including the infringing manual after that date and OSD has no basis for its ongoing infringing use of Outlaw's copyrighted content. OSD has also wrongfully filed the claim for DMCA misrepresentation in this litigation. As such, OSD and/or Chai have knowingly made false claims under the DMCA and are civilly liable for the same, as well as for Outlaw's attorney's fees. 17 U.S.C. § 512(f).)

**FIRST CLAIM FOR RELIEF**

**(For False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) –
Against All Counter-Defendants)**

36. Outlaw incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 35.

37. Outlaw and OSD are direct competitors in the direct-to-consumer audio marketplace.

38. OSD is the alter ego of Chai, and has been used for the purpose of engaging in the acts of false advertising alleged herein. Chai is the Chief Operating Officer, President, owner, and director of OSD and authorized, directed, and participated in the acts of false advertising alleged herein and played an instrumental role in these acts.

39. Counter-Defendants have copied and/or created derivative works from Outlaw's copyrighted instruction/product manual and/or portions thereof, and continues to do so without Outlaw's consent.

40. Counter-Defendants have continually claimed, by using Outlaw's copyrighted instruction manual without Outlaw's consent, that it created the content of Outlaw's copyrighted instruction manual and intentionally misled the public and potential consumers into believing that OSD authored Outlaw's copyrighted instruction manuals or that OSD's products are affiliated with, originated from, or

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  sponsored by Outlaw. Counter-Defendants have also continually claimed, by using

2  Outlaw's copyrighted instruction manual without Outlaw's consent, that its

3  products—including but not limited to the OSD Black A5500, the OSD XA7180,

4  OSD XA5180, and XA3200—contain the same features and specifications as

5  Outlaw's products.

6       41.    Counter-Defendants acted intentionally and willfully in using Outlaw's

7  copyrighted works. At all times relevant to the allegations herein, Counter-

8  Defendants knew that Outlaw created and owns the rights to the content in its

9  instruction manual, including but not limited to the customized text, artwork, and

10 line drawings specific to Outlaw products, and that Counter-Defendants were not the

11 creator or owner of Outlaw's instruction manuals or its content.

12      42.    Counter-Defendants engaged in this false and fraudulent behavior in

13 order to increase their own financial gain.

14      43.    The false, fraudulent, misleading, and untrue behavior described herein

15 constitutes false advertising and is a violation of 15 U.S.C. § 1125(a)(1)(B) because

16 Counter-Defendants have, in connection with OSD's offering for sale of its goods,

17 made a false and misleading representation of fact, which, in commercial

18 advertising and promotion, misrepresented the nature and qualities of the products

19 being sold and the source and origin of those products.

20      44.    On information and belief, Counter-Defendants' false advertising has

21 deceived, and has the tendency to deceive, the consuming public.

22      45.    Upon information and belief, Counter-Defendants' deceptive practices

23 are material to the purchasing decisions and behavior of the public, and consumers

24 were in fact deceived and/or misled regarding the source of OSD's products and the

25 relationship between Outlaw and OSD. Counter-Defendants engaged in these

26 deceptive practices to gain a competitive advantage and for financial gain.

27 / / /

28 / / /

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

46.     Counter-Defendants' wrongful conduct, as set forth herein, has harmed and will continue to harm Outlaw in an amount to be proven at trial, but believed to be in excess of $2,000,000.

47.     As a direct and proximate result of Counter-Defendants' deliberate and intentional false advertising, Counter-Defendants have unlawfully profited and Outlaw has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

48.     Outlaw has no plain, speedy and/or adequate remedy at law that will end Counter-Defendants' deliberate and intentional false advertising. Further, the practices herein alleged presently continue to occur unabated. As a result of the deliberate and intentional false advertising described herein, Outlaw has suffered and will continue to suffer irreparable legal and economic harm unless the Court enjoins Counter-Defendants from continuing to misrepresent the nature of the products being sold and the source of those products.

## SECOND CLAIM FOR RELIEF

### (For Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) – Against All Counter-Defendants)

49.     Outlaw incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 48.

50.     Outlaw and OSD are direct competitors in the direct-to-consumer audio marketplace.

51.     OSD is the alter ego of Chai, and has been used for the purpose of engaging in the acts of copyright infringement alleged herein. Chai is the Chief Operating Officer, President, owner, and director of OSD and authorized, directed, and participated in the acts of copyright infringement alleged herein and played an instrumental role in these acts.

52.     Counter-Defendants have copied and/or created derivative works from Outlaw's copyrighted instruction/product manual and/or portions thereof, and

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    continues to do so without Outlaw's consent. Counter-Defendants' conduct is

2    designed to imitate, copy, and unlawfully benefit from Outlaw's intellectual

3    property, in willful disregard of Outlaw's rights.

4         53.    Counter-Defendants have continually claimed, by using Outlaw's

5    copyrighted instruction manual without Outlaw's consent, that it created the content

6    of Outlaw's copyrighted instruction manual and intentionally misled the public and

7    potential consumers into believing that Counter-Defendants authored Outlaw's

8    copyrighted instruction manuals or that OSD's products are affiliated with,

9    originated from, or sponsored by Outlaw. Counter-Defendants have also continually

10   claimed, by using Outlaw's copyrighted instruction manual without Outlaw's

11   consent, that its products—including but not limited to the OSD Black A5500, the

12   OSD XA7180, OSD XA5180, and XA3200—contain the same features and

13   specifications as Outlaw's products, despite this being untrue.

14        54.    Counter-Defendants acted intentionally and willfully in using Outlaw's

15   copyrighted works. At all times relevant to the allegations herein, Counter-

16   Defendants knew that Outlaw created and owns the rights to the content in its

17   instruction manual, including but not limited to the customized text, artwork, and

18   line drawings specific to Outlaw products, and that Counter-Defendants were not the

19   creator of Outlaw's instruction manuals or its content. Counter-Defendants also

20   knew OSD's own products did not contain the same specifications as Outlaw's

21   products, which are described in Outlaw's instruction manual that Counter-

22   Defendants copied without Outlaw's consent.

23        55.    Upon information and belief, Counter-Defendants' deceptive practices

24   are material to the purchasing decisions and behavior of the public, and that

25   consumers were in fact deceived and/or misled regarding the source of OSD's

26   products, the relationship between Outlaw and OSD, and the specifications of

27   OSD's products. Counter-Defendants' conduct resulted in an erroneous belief that

28   Outlaw sponsors, certifies, approves, or is otherwise affiliated or associated with

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

OSD, all in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

56. Counter-Defendants engaged in these deceptive practices to gain a competitive advantage, to increase its own financial gain, and to unlawfully exploit Outlaw's copyrighted work without Outlaw's consent, and to Outlaw's detriment.

57. Counter-Defendants' conduct is likely to cause confusion, mistake, and deception, and constitutes unfair competition under the Lanham Act. 15 U.S.C. § 1125(a).

58. Counter-Defendants' wrongful conduct, as set forth herein, has harmed and will continue to harm Outlaw in an amount to be proven at trial, but believed to be in excess of $2,000,000.

59. Outlaw has no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of Counter-Defendants. Further, the practices herein alleged presently continue to occur unabated. As a result of the deliberate and intentional false advertising described herein, Outlaw has suffered and will continue to suffer irreparable legal and economic harm unless the Court enjoins Counter-Defendants from continuing to engage in these unlawful and unfair business practices.

## THIRD CLAIM FOR RELIEF

### (Copyright Infringement 17 U.S.C. § 101, et seq. – Against All Counter-Defendants)

60. Outlaw incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 59.

61. Outlaw owns and has registered copyrights for its instruction/product manual.

62. OSD is the alter ego of Chai, and has been used for the purpose of engaging in the acts of copyright infringement alleged herein. Chai is the Chief Operating Officer, President, owner, and director of OSD and authorized, directed, and participated in the acts of copyright infringement alleged herein and was a

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

moving, active, conscious force behind OSD's infringement. As OSD's corporate officer and alter ego, Chai is personally liable for the copyright infringement alleged herein. 17 U.S.C.S. § 501(a); *Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1115 (C.D. Cal. 2010); *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 n.4 (E.D.N.Y. 2007).

63.    Counter-Defendants have copied and/or created derivative works from Outlaw's instruction/product manual and/or portions thereof, and continues to do so without Outlaw's consent.

64.    Counter-Defendants' copies and/or derivative works are substantially similar, and in many cases identical, to Outlaw's original copyright-protected material.

65.    The copies and/or derivative works created by Counter-Defendants are unauthorized.

66.    At all times relevant, Counter-Defendants obtained direct and indirect financial benefit from the infringement and had the right and ability to control the infringing conduct, and/or intentionally induced, encouraged, caused or materially contributed to the infringement, including selling and providing copies of such infringing manuals and content to customers and, on information and belief, to other unknown third parties.

67.    The foregoing acts of Counter-Defendants constitute direct infringement, vicarious infringement, and/or contributory infringement of Outlaw's exclusive rights in its copyrighted works.

68.    Upon information and belief, Counter-Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Outlaw's rights.

69.    Outlaw has been and will continue to be damaged, and Counter-Defendants have been unjustly enriched by, Counter-Defendants' unlawful infringement.

/ / /

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

70.     Counter-Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable harm and injury to Outlaw for which Outlaw has no adequate remedy at law.

71.     Outlaw is entitled to relief provided by 17 U.S.C. §§ 502-505, including but not limited to, injunctive relief, an order for the impounding and destruction of all Counter-Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or OSD's profits), punitive damages, potential statutory damages, and Outlaw's costs and attorney's fees in amounts to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (For Trade Libel – Against All Counter-Defendants)

72.     Outlaw incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 71.

73.     Counter-Defendants, by and through its agent, representative, and owner, Chai, made a statement that would be clearly or necessarily understood to have disparaged the quality of Outlaw's products.

74.     Counter-Defendants, by and through its agent, representative, and owner, Chai, made this statement to a person other than Outlaw.

75.     Counter-Defendants' statements were false, misleading, inaccurate, deceptive, and untrue.

76.     Counter-Defendants knew their statements were false, misleading, inaccurate, deceptive, and untrue or acted with reckless disregard of the truth or falsity of the statement.

77.     Counter-Defendants knew or should have recognized that someone else might act in reliance on the statement, causing Outlaw financial loss.

78.     Outlaw suffered direct financial harm because Amazon.com acted in reliance on Counter-Defendants' false, misleading, inaccurate, deceptive, and untrue statements. On information and belief, other third parties have or will act in reliance

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

1    on Counter-Defendants' false, misleading, inaccurate, deceptive, and untrue

2    statements.

3        79.    Counter-Defendants' conduct was a substantial factor in causing

4    Outlaw's harm.

5        80.    The aforementioned conduct was also despicable, wanton, oppressive,

6    malicious, duplicitous, and performed with willful and conscious disregard of

7    Outlaw's rights and with the intent to deprive Outlaw of these rights. Outlaw is

8    entitled to an award of punitive and exemplary damages against Counter-

9    Defendants.

10                        **FIFTH CLAIM FOR RELIEF**

11   **(Unlawful, Unfair, and Fraudulent Competition Under California Business &**

12                **Professions Code § 17200, et seq. – All Counter-Defendants)**

13       81.    Outlaw incorporates by reference as though set forth herein each and

14   every allegation set forth in paragraphs 1 through 80.

15       82.    California Business and Professions Code section 17200, et seq.

16   defines unfair competition as any unlawful, unfair, or fraudulent business act or

17   practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable

18   relief with respect to unfair competition.

19       83.    Outlaw has valuable and protectable rights in its instruction/product

20   manuals, which are essential sources of product advertisement and differentiation

21   within the high-end pro-audio and home theater market. Outlaw's instruction

22   manuals contain customized text, artwork, and line drawings specific to Outlaw

23   products which, through Outlaw's use, has come to be associated in the market

24   solely with Outlaw.

25       84.    OSD is the alter ego of Chai, and has been used for the purpose of

26   engaging in the acts of unfair competition alleged herein. Chai is the Chief

27   Operating Officer, President, owner, and director of OSD and authorized, directed,

28   and participated in the acts of unfair competition alleged herein and played an

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 8:22-cv-827 JVS (KESx)

1    instrumental role in these acts of unfair competition. As OSD's corporate officer and

2    alter ego, Chai is personally liable for the unlawful, unfair, and fraudulent business

3    practices alleged herein. *Bangkok Broad.*, 742 F. Supp. 2d at 1115.

4        85.    Counter-Defendants' use and infringement of Outlaw's instruction

5    manuals has caused and will continue to cause confusion as to the source of OSD's

6    products, the relationship between Outlaw and OSD, or that OSD's products are

7    affiliated with, originated from, or sponsored by Outlaw.

8        86.    By the conduct alleged herein, Counter-Defendants' practices were

9    unlawful and unfair in that these practices violate public policy, were immoral,

10   unethical, oppressive, unscrupulous, or fraudulent, were without valid justification

11   or utility, and constitute unlawful, unfair and deceptive business practices in

12   violation of California Business and Professions Code section 17200, et seq.

13       87.    By the conduct alleged herein, Counter-Defendants have engaged and

14   continue to engage in business practices that violate federal law, including but not

15   limited to the Copyright Act of 1976, the Lanham Act, and the Digital Millennium

16   Copyright Act as alleged herein, for which this Court should issue declaratory and

17   other equitable relief pursuant to California Business and Professions Code section

18   17203 as may be necessary to prevent and remedy the conduct held to constitute

19   unfair competition.

20       88.    By and through the unlawful and unfair business practices described

21   herein, Counter-Defendants obtained valuable property from Outlaw, including but

22   not limited to Outlaw's original copyright-protected material and the goodwill

23   associated with Outlaw's superior products. Counter-Defendants' conduct has

24   deprived Outlaw of valuable rights and benefits guaranteed by law and contract, all

25   to the detriment of Outlaw and to the benefit of Counter-Defendants so as to allow

26   Counter-Defendant OSD to unfairly compete against Outlaw and other competitors

27   who comply with the law.

28   / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

89.     Outlaw is entitled to, and do seek such relief as may be necessary to restore to them the money and property which Counter-Defendants have acquired, or of which Outlaw has been deprived, by means of the above described unlawful and unfair business practices, including lost money and profits, and such harm will continue unless the Court enjoins Counter-Defendants' conduct.

90.     Outlaw has no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of Counter-Defendants. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, Outlaw has suffered and will continue to suffer irreparable legal and economic harm unless the Court enjoins Counter-Defendants from continuing to engage in these unlawful and unfair business practices.

## SIXTH CLAIM FOR RELIEF

### (For Intentional Interference with Economic Relations– Against All Counter-Defendants)

91.     Outlaw incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 90.

92.     Outlaw has economic relationships with Amazon.com and Homni. These economic relationships provide prospective economic benefits for Outlaw.

93.     Counter-Defendants knew and should have known of Outlaw's economic relationships with Amazon.com and Homni and that those economic relationships provided prospective economic benefits for Outlaw.

94.     Counter-Defendants committed intentional acts that were designed, and which they knew or should have known were substantially likely to result in a disruption of Outlaw's relationship and impose a burden on Outlaw's economic relationships with Amazon.com and Homni. Those actions were independently wrongful and included, but is not limited to, false misrepresentations to Amazon.com regarding Outlaw's DMCA takedown requests, false

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

37

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

1 misrepresentations to Amazon.com regarding defects in Outlaw's products, and

2 contacting Homni in an effort to pressure Outlaw to withdraw its DMCA takedown

3 requests or otherwise refrain from protecting its intellectual property and associated

4 rights. Counter-Defendant OSD committed these intentional acts by and through its

5 agent, representative, and owner, Chai.

6       95.    Outlaw's relationships with Amazon.com and Homni were disrupted.

7       96.    But for the conduct of Counter-Defendants, Outlaw's economic

8 relationships with Amazon.com and Homni would have resulted in economic

9 benefits to Outlaw.

10       97.    As a result of the aforementioned conduct, Outlaw suffered damages in

11 an amount to be proven at trial but believed to be in excess of $2,000,000, which

12 include the loss of sales, customers, market share, goodwill, sales, money, and

13 profits. Outlaw will continue to suffer harm and Counter-Defendants' misconduct

14 will continue unabated unless the Court enjoins Counter-Defendants' conduct.

15 Outlaw, therefore, is entitled to preliminary and permanent injunctive relief to

16 prevent further misconduct from Counter-Defendants.

17       98.    The aforementioned conduct was also despicable, wanton, oppressive,

18 malicious, duplicitous, and performed with willful and conscious disregard of

19 Outlaw's rights and with the intent to deprive Outlaw of these rights. Outlaw is

20 entitled to an award of punitive and exemplary damages.

21 <div align="center">**SEVENTH CLAIM FOR RELIEF**</div>

22 <div align="center">**(For Negligent Interference with Economic Relations– Against All Counter-**</div>

23 <div align="center">**Defendants)**</div>

24       99.    Outlaw incorporates by reference as though set forth herein each and

25 every allegation set forth in paragraphs 1 through 98.

26       100.  Outlaw has economic relationships with Amazon.com and Homni.

27 These economic relationships provide prospective economic benefits for Outlaw.

28 / / /

501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101
KLINEDINST PC

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

101.   Counter-Defendants knew and should have known of Outlaw's economic relationships with Amazon.com and Homni and that those economic relationships provided prospective economic benefits for Outlaw.

102.   Counter-Defendants committed acts which they knew or should have known were substantially likely to result in a disruption of Outlaw's relationship and impose a burden on Outlaw's economic relationships with Amazon.com and Homni. Those actions were independently wrongful and included, but is not limited to, false misrepresentations to Amazon.com regarding Outlaw's DMCA takedown requests, false misrepresentations to Amazon.com regarding defects in Outlaw's products, and contacting Homni in an effort to pressure Outlaw to withdraw its DMCA takedown requests or otherwise refrain from protecting its intellectual property and associated rights.

103.   Outlaw's relationships with Amazon.com and Homni were disrupted.

104.   But for the conduct of Counter-Defendants, Outlaw's economic relationships with Amazon.com and Homni would have resulted in economic benefits to Outlaw.

105.   As a result of the aforementioned conduct, Outlaw suffered damages in an amount to be proven at trial but believed to be in excess of $2,000,000, which include the loss of sales, customers, market share, goodwill, sales, money, and profits. Outlaw will continue to suffer harm and Counter-Defendants' misconduct will continue unabated unless the Court enjoins Counter-Defendants' conduct. Outlaw, therefore, is entitled to preliminary and permanent injunctive relief to prevent further misconduct from Counter-Defendants.

## **EIGHTH CLAIM FOR RELIEF**

### **(For Violation of the Digital Millennium Copyright Act, 17 U.S.C. § 512, et seq– Against All Counter-Defendants)**

106.   Outlaw incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 105.

Case No. 8:22-cv-827 JVS (KESx)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

107.   On information and belief, Counter-Defendants, by and through its agent, representative, and owner, Chai, have made knowingly false misrepresentations to Amazon.com regarding Outlaw's DMCA takedown requests and continue to sell and include infringing content and manuals with its products. Under 17 U.S.C. § 512, Counter-Defendants are liable for all damages, including costs and attorney's fees, incurred by Outlaw as a result of such misrepresentations.

## NINTH CLAIM FOR RELIEF

**(For Declarative Relief Pursuant to 28 U.S.C. § 2201, et seq. (Declaratory Judgment Act), the Copyright Act, etc. – Against All Counter-Defendants)**

108.   Outlaw incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 108.

109.   There is a real and actual controversy between OSD, Chai, and Outlaw regarding whether Counter-Defendants' actions infringes and/or contributes/vicariously infringes a copyright that Outlaw lawfully owns.

110.   There is a further real and actual controversy between OSD, Chai, and Outlaw regarding whether Counter-Defendants' actions, false statements, writings, and sale of infringing product manuals constitute, but is not limited to, deceptive or unlawful trade practices, trade libel, and misrepresentation under the DMCA. Counter-Defendant OSD has further sued Outlaw claiming that its DMCA takedown requests were false, unlawful, and without basis. Outlaw is entitled to a declaratory judgment that its DMCA takedown requests were lawful and proper, that Counter-Defendant OSD's counter notice was false and unlawful, that Counter-Defendants OSD and Chai's actions and misrepresentations have constituted infringement, unlawful and deceptive trade practices, trade libel, and violated the DMCA.

WHEREFORE, Outlaw prays for judgment against Counter-Defendants OSD and Chai as follows:

1.   That Counter-Defendants, their agents, servants, employees, and all persons acting in concert with them be preliminarily and permanently enjoined from

40

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

1  engaging in the unlawful conduct set forth herein, including in that they be enjoined
2  from:

     a.  Directly or indirectly selling, using, copying, creating derivative works,
         or otherwise infringing Outlaw's copyrighted works;

     b.  Claiming that Outlaw's copyrighted works were created by or
         originated from Homni and/or Carver;

     c.  Selling or distributing the OSD A5500, XA5180, XA7180, and
         XA3200 amplifiers;

     d.  Engaging in unfair competition with Outlaw or interfering with any
         prospective economic advantage enjoyed by Outlaw, including by
         providing misleading or false information to Amazon.com, Homni, and
         Outlaw's customers;

     e.  Falsely representing the features and/or specifications of Counter-
         Defendant OSD's products;

     f.  Providing misleading or false information to Amazon.com, Homni, and
         Outlaw's customers regarding Outlaw or its products; and

     g.  Disputing Outlaw's DMCA takedown requests regarding Counter-
         Defendants' infringing products and instruction manuals.

    2.     For a declaration that Outlaw's DMCA takedown requests are lawful
and appropriate;

    3.     That Outlaw be awarded damages, including but not limited to,
compensatory, statutory, and punitive/exemplary damages, as permitted by law and
in such amounts to be proven at trial;

    4.     That Outlaw be awarded statutory damages pursuant to 17 U.S.C. §
504(c);

    5.     That Outlaw be awarded an amount equal to Counter-Defendants'
unjust enrichment to the extent that such unjust enrichment is not reflected in the
award of damages, and that a constructive trust in favor of Outlaw be imposed over

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

41

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN,
PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

1 Counter-Defendants' ill-gotten gains and profits;

2      6.     That Outlaw be awarded all costs and attorney's fees;

3      7.     For pre and post-judgment interest as allowed by law; and

4      8.     For such other relief as the Court may deem just and proper.

5

6                         KLINEDINST PC

7

8

9 DATED: June 3, 2022        By:  */s/ Irean Z. Swan*

10                            Samuel B. Strohbehn

                             Irean Z. Swan

11                            Attorneys for Defendants OUTLAW

12                            AUDIO, LLC, BENJAMIN BREWER,

                           JONATHAN S. LEDERMAN, PETER D.

13                            TRIBEMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 8:22-cv-827 JVS (KESx)

ANSWER OF DEFENDANTS OUTLAW AUDIO, LLC, BENJAMIN BREWER, JONATHAN S. LEDERMAN, PETER D. TRIBEMAN AND COUNTERCLAIMS OF OUTLAW AUDIO, LLC

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101